# Supreme Council of the Royal Arcanum *v.* Mooney, Appellant.

*Beneficial association—Presumption of death—Payment of benefits—Bond—Beneficiaries.*

Where a member of a beneficial association disappears from his home, and after he has been away and unheard of for seven years the association on the presumption of his death pays the death benefits to his wife, the beneficiary entitled under the by-laws, but takes from her a bond, conditioned upon the repayment of the money if the member should return alive, and subsequently and after the death of his wife the member returns, but shortly thereafter dies, the association in a suit on the bond against the executrix of the wife is entitled to recover the full amount of the death benefits paid, with interest from the date of the payment.

Argued Oct. 20, 1910. Appeal, No. 202, Oct. T., 1910, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1906, No. 338, on verdict for plaintiff in case of Supreme Council of the Royal Arcanum v. Anna Mooney, Executrix of the Last Will and Testament of Ellen Mooney, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a bond. Before KENNEDY, P. J.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Ward Bonsall,* with him *Charles A. Poth,* for appellant.

*Joseph A. Langfitt,* with him *H. W. McIntosh,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1911:

The question here involved is precisely the same as that in the case of Grand Lodge Ancient Order of United Workmen against this defendant, in which an opinion has just been filed. The indemnity bond upon which this suit is based, is larger, and the conditions of the bond are somewhat broader than in the other case; but the principle involved is the same. The facts with regard to the disappearance of John Mooney for more than seven years, the payment of his benefit certificate on the presumption of his death, the taking of an indemnity bond conditioned for the repayment of the amount of the benefit in case the said John Mooney should prove to be alive, and his subsequent return and death, all appear in that case, and need not be here repeated.

Upon the trial of the present case, it being admitted that the amount paid by the plaintiff to Ellen Mooney, together with interest and costs and expenses, exceeded the amount of the bond, the jury were instructed to return a verdict in favor of the plaintiff for the full amount of the bond upon which suit was brought. As this case is not to be distinguished in principle from the preceding one, and as the ruling of the court below was in full accord with the principles set forth in the opinion just handed down, in Grand Lodge, etc., against this same defendant, the judgment is affirmed.